IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARACELI HARDING**                                                                                                     **PLAINTIFF**

**v.**                                   **Case No. 4:23-cv-00566-KGB**

**LATASHA HENDERSON**                                                                        **DEFENDANT**

## ORDER

Plaintiff Araceli Harding initiated this case by filing a *pro se* complaint against defendant Latasha Henderson in Pulaski County District Court (Dkt. No. 2). Ms. Henderson removed this case to the United States District Court for the Eastern District of Arkansas and filed a motion to substitute the United States as defendant and to dismiss complaint (Dkt. Nos. 1, 4). Ms. Harding has not filed a response to the motion to substitute the United States as defendant and to dismiss complaint, and the time for doing so has passed. For the following reasons, the Court grants Ms. Henderson's motion to substitute the United States as defendant and to dismiss complaint (Dkt. No. 4).

      **I.**       **Federal Tort Claims Act**

In her complaint, Ms. Harding asserts that she was harassed by Ms. Henderson, an employee of the United States Postal Service ("USPS"), in violation of "handbook codes" and that she was "wrongfully terminated" without "prior disciplinary actions" forcing her to "suffer financial hardship" (Dkt. No. 2, at 1). Ms. Harding seeks damages in the amount of $5,079.78.

The United States is immune from suit, except to the extent that it has waived immunity. *United States v. Orleans,* 425 U.S. 807, 814 (1976). The federal government's consent to suit is a prerequisite to jurisdiction, *see United States v. Mitchell,* 463 U.S. 206, 212 (1983), "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United*

*States v. Sherwood,* 312 U.S. 584, 586 (1941).  The federal government has waived immunity for certain claims under the Federal Tort Claims Act ("FTCA"), and the FTCA is the exclusive remedy for tort claims against the federal government.

Under the FTCA, the United States will be substituted as sole defendant with respect to claims arising out of an alleged incident with the defendant employee if the Attorney General certifies that the defendant employee was acting within the scope of his or her employment at the time of the incident.  28 U.S.C. § 2679(d)(1), (2).  Ms. Henderson attaches a certification from the Attorney General indicating that she was acting within the scope of her employment at the time of the alleged incident (Dkt. No. 4-1).  Accordingly, the Court grants Ms. Henderson's motion to substitute the United States as the defendant in this matter.

Because the United States is substituted as the defendant in this matter, the Court must explore whether sovereign immunity can be properly waived in this case pursuant to the FTCA's requirements.  "The FTCA is a limited waiver of sovereign immunity which requires compliance with the conditions enacted by Congress.  These conditions are construed narrowly and include the requirement that before filing an FTCA action the claimant 'present' an administrative claim requesting a sum certain in damages to the appropriate federal agency and that the claim be finally denied." *Sherwood,* 312 U.S. at 586 (citing 28 U.S.C. § 2675(a)).

Before filing an FTCA action, the claimant must "present" an administrative claim requesting a sum certain in damages to the appropriate federal agency, and the claim must be finally denied.  28 U.S.C. § 2675(a).  Presentment of an administrative claim is jurisdictional and must be plead and proven by the FTCA claimant.  *See, e.g., Bailey v. United States,* 642 F.2d 344, 347 (9th Cir. 1981); *Melo v. United States,* 505 F.2d 1026, 1028–29 (8th Cir. 1974).  The plaintiff

in an FTCA action bears the burden of proof to show that presentment was properly made. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993), *cert. denied*, 510 U.S. 1109 (1994).

In her complaint, Ms. Harding failed to make a showing that she presented an administrative claim to the proper administrative agency, or that any such claim was subsequently denied prior to her filing this complaint. *See* 28 U.S.C. § 2675(a)). Moreover, the defendant has submitted a declaration from Kimberly Herbst, the manager of the Tort Program and Adjudication at the United States Postal Service National Tort Center in St. Louis (Dkt. No. 4-2). In the declaration, Ms. Herbst declares that she did not discover any record of any administrative tort claims filed by or on behalf of Ms. Harding after conducting a search of two separate databases. *Id.* Absent any evidence to the contrary, the Court finds that Ms. Harding has failed to exhaust her administrative remedies under the FTCA. Accordingly, this Court does not have jurisdiction over Ms. Harding's FTCA claims in this lawsuit.

## II.     Conclusion

The Court grants the motion to substitute the United States as defendant and to dismiss complaint (Dkt. No. 4). The Court dismisses without prejudice Ms. Harding's complaint for lack of jurisdiction (Dkt. No. 2).

It is so ordered on this 4th day of March, 2024.

_____
Kristine G. Baker
Chief United States District Judge